IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Appellee<br><br>v.<br><br>HUWIDA FADL,<br>Defendant-Appellant | No. 21-3076 |

**UNITED STATES' OPPOSITION TO APPELLANT HUWIDA FADL'S MOTION TO FILE A SUPPLEMENTAL APPENDIX**

Pursuant to Federal Rule of Appellate Procedure 27(a)(3), the United States respectfully submits this response in opposition to the motion that appellant Huwida Fadl filed on January 18, 2023, asking the Court for permission file a supplemental appendix.

1. On January 2, 2023, Fadl's appellate counsel sent an email to the United States asking if it opposed her filing a supplemental appendix that included a transcript and a letter from a different case, *United States v. Steele*, 321 F. Supp. 3d 584 (D. Md. 2018).  The United States by email advised Fadl's appellate counsel that it opposed her supplementing the appendix with documents from *Steele* or other cases.  Fadl's appellate counsel replied by email that she would

advise the Court of the United States' objection when she filed her motion to supplement the appendix.

2. On January 18, 2023, Fadl filed her motion to supplement the appendix and noted that it was unopposed. That was incorrect. The United States opposes Fadl's motion to supplement the appendix.

3. The United States has not received Fadl's proposed supplemental appendix and does not have access to a non-sealed version of it on the Court's docket. Based on the email communications that occurred between the United States and Fadl's appellate counsel on January 2, 2023, the understanding of the United States is that Fadl's proposed supplemental appendix consists of documents from *Steele*. Based on this understanding, Fadl's motion to supplement the appendix should be denied because material from outside the record of this case does not belong in an appendix. *See* Fed. R. App. P. 30(a)(1) (describing the contents of the appendix); D.C. Cir. R. 30(b) ("Counsel must not . . . burden the appendix with material of excessive length or items that do not bear directly on the issues raised on appeal."); D.C. Cir. R. 30(e) ("If anything *material* to the appeal or petition is omitted from the appendix, the clerk, on the duly served and filed written request of any party, may allow the appendix to be supplemented." (emphasis added)); *Bath Junkie Branson, L.L.C. v. Bath Junkie, Inc.*, 528 F.3d 556,

559-60 (8th Cir. 2008) (granting motion to strike appellant's supplemental appendix containing material "that had not been presented to the district court").

4. For the reasons set forth above, the United States respectfully requests that the Court deny Fadl's motion to file her proposed supplemental appendix.

Respectfully submitted,

> s/ Jonathan T. Baum
> JONATHAN T. BAUM
> Senior Trial Attorney
> Money Laundering & Asset Recovery Section
> Criminal Division
> United States Department of Justice
> 1400 New York Avenue, N.W., Ste. 928
> Washington, D.C. 20005
> (202) 616-9628
> jonathan.baum@usdoj.gov

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 395 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point type.

s/ Jonathan T. Baum<br>
JONATHAN T. BAUM

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2023, a copy of the foregoing opposition was filed via CM/ECF with this Court and served via CM/ECF on all registered filers, including counsel for defendant.

<pre>                              s/ Jonathan T. Baum
                              JONATHAN T. BAUM</pre>

**CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED RULINGS**

**Parties and Amici**

The parties to this appeal are appellant Huwida Fadl and appellee the United States of America.

**Rulings Under Review**

This is an appeal from a final order of the district court dated July 15, 2021 by the Honorable Reggie B. Walton, United States District Court Judge (No. 1:16cr211-001 (D.D.C)).